David, would the clerk call the next case, please? Case number 315-0470, Lynda Beckleton-Appleby v. Joseph Scramenti v. DuPage Township, appellant by Julie Kerner Okay, Ms. Kerner, good morning. Good morning, Ma'am. May it please the court. I already said good morning, but I'll say it again. Good morning! I'm nervous. So, I'm before you today on behalf of DuPage Township, and again, my name is Julie Kerner, on behalf of the appellant and defendant, on a very sort of straightforward issue. This was a very short bench trial in front of Judge Petrangaro out in Will County in Joliet, and really there were only two witnesses, factual witnesses, that were presented. And the two issues of error that DuPage Township is claiming with respect to Judge Petrangaro's ruling is basically, first, that she erred in the application of the distraction exception, which is an exception to the rule of open and obvious, and she erred in finding that the plaintiff was an intended user of this mid-block portion of DePaul Court, where she crossed the street to get to her mailbox. Hopefully the court, in addition to all the briefs that they had in this case, received a supplemental brief with photographs of the area that was in question. We had to supplement the record because they didn't make it into the clerk's file, but there were three photographs that were presented by the plaintiff that showed the condition of DePaul Court where the plaintiff fell at the end of her driveway. And then generally there was just a broader picture from Google Maps, which I understand is authoritative these days, and basically just trying to give the court an overview, this court and the trial court, an overview of what DePaul Court looked like in terms of the physical manifestations of the road and the street. In this instance, there is no dispute about the nature and condition of the roadway, mid-block at the end of Ms. Duffington's driveway, between the parties. The condition was broken asphalt, holes in the street, and there is no dispute about the physical nature of it. There was also no contradictory testimony between the parties. Mr. Homerding, who testified on behalf of DuPage Township, was called essentially as an adverse witness on the issue of notice. But he had no information bearing on the issues of what happened on the date of the fall or anything else related to that. So Mrs. Duffington's testimony went in undisputed. So there is nothing that either one of the two sides contradicted. And I bring that up because obviously the standard on a bench trial is whether or not the testimony or the evidence was against the manifest weight. And one of the things that Plaintiff brought up in his briefing was that there was a conflicting or dispute between the... I'm sorry, let me restate that. He brought up the fact that it is the trial court's responsibility to weigh the credibility of the witnesses that are testifying. But under these circumstances, the weighing did not need to take place because there was no dispute between them. They were both testified to different issues in the matter. So obviously the Illinois Supreme Court recently ruled on the Bruns case in November of 2014, Bruns v. Centralia, which kind of again clarified the issue of open and obvious. And in terms of the fact that if the condition is open and obvious, which the township alleged in this situation, it abrogates any duty that the property owner would have to a plaintiff or person walking upon its premises. Clearly, if the condition is open and obvious, there is no duty. And that's sort of the first step of the analysis. What happened in this case is obviously Ms. Duffminton had to concede that the issue was open and obvious. In fact, it was known. It was the end of her driveway. She walked that area every day to go across the street to get her mail. I've got a question. Do you know why was her mailbox across the street from her house? I don't. It never came up at the trial. So I don't know if the U.S. Post Office decided that all the mailboxes needed to be on one side of the street. I don't know if it was for their convenience or why it was required. Or if it was required. Or if it was required. Exactly. I don't know. Oh, I'm sorry. I got lost a little bit. Open and obvious. Crossing the street. Oh, known, open, and obvious. One of the problems that we had here with the trial judge's decision was that she sort of lumped together the issue of open and obvious and contributory negligence. And she basically did it in one paragraph. She sat there and said, well, I find that even though it was open and obvious that the plaintiff was legitimately distracted, and therefore there's no contributory negligence and the township is liable. She didn't go to the analysis of the fact that if it was an open and obvious condition, there's just no duty. So let me go back to the distraction exception. Obviously the courts have also dealt with whether or not if there is a reasonably foreseeable distraction to the defendant in terms of what the plaintiff may be distracted by, then there will be a burden that will fall within the exception of open and obvious. In this situation, and I kind of got after the plaintiff in my reply brief, Bob kept saying that she was distracted by her child. We're not talking about a small child. We're talking about her adult son who was out mowing the lawn on a great July day and asking his mother whether or not something he was about to hit with the lawnmower was a plant or a weed. That was the distraction. The person wasn't in danger or wasn't going to get hit by a car or anything else. So she basically got close to the end of her driveway where she knew these potholes were and instead of averting, she could have gone anywhere else towards the end of her driveway, across the grass, all sorts of other places. She forgot and she turned around and she stepped into the hole and she fell. That distraction, one of the things that happened or was discussed in the Bruns case was whether or not that's a self-created distraction because the distraction came from an external source, whether or not that should be something that's reasonably foreseeable. This case is very much like the Bruns case in the sense that the plaintiff just chose to look elsewhere. She made the choice to sit there and turn to her son and say, hey, yeah, that's a plant. You don't need to mow over that. So she distracted herself. We're actually, unfortunately in today's state with cell phones and everything else that's going on, society has become easily distracted and is constantly being distracted by external sources. But that's not the issue of whether or not the plaintiff self-created or there was an external source. I think the Supreme Court in Bruns was talking about what if a bird is diving at the person's head or there's a bee flying by or any of these other things. I mean, does that mean that the distraction exception swallows whole the open and obvious doctrine? Which it hasn't. It has not. It's still alive and well. And I think that the court failed to sit there and say, yes, the condition. And again, the character of the holes were not in dispute. They were depicted well enough in the photographs. And there was no issue about whether or not it was known and open and obvious. So the mere fact of looking elsewhere did not constitute a distraction such that the court should have found the condition was open and obvious. And no duty was owed. Not that the plaintiff was a contributory negligent, but that there was no duty. Going on to the next point, which is whether or not she was an intended user. We argued, obviously, again, if you look at the Google picture, you can see the characteristic of the roadway. You can see that this is a small residential street, even though parking is allowed. It's not marked out. There's no parking meters. There's nothing there that sits there and indicates that pedestrians would be parking their cars there on a regular basis and then getting out. And this isn't, again, this isn't an area that was close to a legally parked car. This is the end of her driveway. It's mid-block. It's not in a crosswalk. It was very clear, and from her testimony as well, that she's a non-intended user. And again, the courts have a problem with, they conflate or put together the issue of intended and permitted. And they're completely separate issues. Just because there's nobody there saying, halt, you can't go there, that they're being stopped from going into an area that makes them somehow intended. And that's not the case with all the case law that's come down. I went over the Peters v. Riggs case, which is a very recent case. I'm sure the court's familiar with it. But that was where you had dormitories and a student parking lot, and you had students crossing mid-block all the time because it was the shortest route. And the idea that because it's something, it's the most direct route, or it's the shortest route, or it's the easiest way to go, does not then transfer the title of intended user to the planner just because they made that decision. So those are the two primary, not two primary. They're the only two areas of contention I have with the court's ruling in terms of that. I don't really think I have much more to add to the brief. Does anybody have any questions? It's beat nice till the waiter's day. Thank you. Thank you very much for your time. And again, so I don't forget, the DuPage Township is asking for the reversing outright Judge Petchenbrough's decision, vacating the judgment, and entering a verdict in favor of the township. Thank you for that. Thank you, Ms. Kerner. Mr. Scramenti, good morning. Thank you, Your Honor. May it please the Court, counsel? Good morning again. My name is Joseph Scramenti. I represented, I still do represent, Linda Duffington in this matter. I think counsel laid out the facts of the case pretty well. On this day particularly, Linda was walking to get her mail, which was across the street. And I wish it was asked why the mailboxes were across the street. But if you do look at the Google Maps picture, all the mailboxes are on the one side of the street. Maybe it's because the post office wants to make one trip down. They don't have to do a U-turn or something or come back around. If it's a cul-de-sac, they've got to make a U-turn. Right. That was actually a misstatement on Appleby's part. When I saw a court, I assumed cul-de-sac. It's not actually a cul-de-sac. It's just a mid-street in between two bigger ones. But, yeah, they would have had to make a U-turn at the next street and come back around. But either way, we know that all the mailboxes are on the one side of the street. So in order to get to the mailbox, Linda walks across the street at the edge of her driveway, literally where the driveway meets the street, as evidenced in the photographs that were admitted at trial. The street's broken up. And, you know, Linda knew what was there. She had called to get it fixed. The DuPage knew what was there. They were supposed to get it fixed, but it wasn't fixed. And that's not the real issue here. The real issue here is Linda knew what was there, so it was open and obvious. But she was also distracted. And, again, obviously the distraction's exception is an exception to the open and obvious rule, just another exception. But in this instance, as Linda was approaching the end of her driveway, her son was mowing the lawn. And basically on a previous occasion, he had ran over a flower, and Linda had been mad at him for ruining her flowers. So when he saw something that he didn't know if it was a weed or a flower, he says, you know, Mom, what is this? Is this a weed or a flower? What is it? So she turns, and as she turns, she steps, and she falls, and she injures her knee. Now, the Bruns v. the City of Centralia case, which most recently went up to the Supreme Court, dealt with dissimilar facts in that the plaintiff in Bruns was, first of all, she never said she was distracted. She was just looking at the door. There was no evidence of any actual distraction except her looking at the door that she was walking to. In this instance, Linda said she was distracted. There's evidence of a distraction, and that distraction was not self-created as the defense, as the township would like to state. And Bruns states that whether a distraction exception applies, you have to look at the foreseeability of the distraction. And, you know, it goes through cases where, like in Ward, where the guy was carrying a mirror outside of Kmart, and he ran into the post. Another one where a kid was carrying a helmet, and he tripped in the parking lot. It also cites some cases where, you know, the property owner didn't actually create the distraction. So far, there's no case that says the defendant has to, or the property owner has to create the distraction. It just has to be a foreseeable distraction. So if you took this case, and instead of the son yelling at her, a neighbor over here, she's walking out there, she's getting out there, and says, Hey, Linda, how are you today? And she turns around and says, Hey, I'm fine. Bam, same thing. Distraction exception. Yeah, that's our contention. Because in these types of neighborhoods, it would be foreseeable, and in the Google map, you actually see a guy out there walking his dog. It would be foreseeable that neighbors may say hi to each other or call out to other neighbors' names. So in a neighborhood like this, the township's got to keep the road in pretty much perfect condition. Well, not necessarily perfect condition, but it is a foreseeable distraction, and I think that keeping these roads in conditions where there's not potholes or it being torn up isn't an undue burden. In fact, Mr. Homerding testified what it requires. It's less than $10,000. He didn't get into the specifics, but basically anything over $10,000, you need to bring it to the board, and you need to send it out to all these subcontractors. He said, This is less than $10,000, so we don't have to do that. We just put out a couple bids. A couple weeks later, it gets fixed. It's not an undue burden. Well, the taxpayers in Lockport might disagree with you if every street and court falls under that same. Right. It's not just Linda's court. It's everybody's. They've got to do that, everything. How do you think the taxpayers of Lockport are going to like that? Well, I think they would like it a lot less if their taxpayer money goes to keeping these streets in proper condition, and they're found out that they're not an intended user when they need to walk in the street to go get the mail. So they're saying, I pay taxes, and Justice Egan actually had this issue with this particular thing in the Void Dialogue versus Park Ridge. And Justice Egan's dissent said, Some of these neighborhoods, and particularly the neighborhood that Justice Egan lives in, has no sidewalks, no crosswalks. People have to walk in the street in order to get the mail, which is exactly what happened here. And the justice says, How would these taxpayers feel if their taxpayer money would be going to keep these streets safe for vehicular use, but when they need to go in the street, they're out of luck because they're not an intended user, even though their taxpayer money would go to this when they need to walk across the street to get the mail. So I think taxpayers would rest a little easier if they knew that they would be covered when they need to go in the street. Until they got their tax bill. Until they got their tax bill, right. But to be open and obvious, again, it's all about foreseeability. And given this neighborhood, you know, the streets, the neighbors across the street from each other aren't that far across. Mr. Homerding testified it was maybe 20 feet across. Real tight-knit community. It's an unincorporated county road. The type of distraction would be foreseeable in this instance. And again, courts have never given a precise definition of what would constitute a distraction. It's a case-by-case basis. You look at the facts of each particular case. In this particular case, it would be foreseeable that someone might call, you know, a neighbor or a mother's name when they're outside. Mr. Scomenti, it seems to me that the basis for the open and obvious exception is that a person knowing that there's something dangerous would have a duty of care for themselves and their own personal safety. And that when you're looking at the question of foreseeability, you'd be trying to think of what kinds of things would be foreseeable that would be sufficiently serious that a person would disregard their own safety and their duty to have care for their safety because of that distraction. So it seems like it ought to be a pretty major distraction, something of an emergency kind of nature, in order to impose a finding of foreseeability on a public, on a municipality or a municipal government. I understand that. And the case law doesn't say it needs to be an emergency. And I understand the question, but in the instance where the kid is carrying a helmet, he's carrying a helmet. That's not an emergency. That's not something major. The guy carrying the mirror, that's not something major. And just because they're a municipality, it had to be something major. It would put municipalities, and I understand they have certain tort immunities, but they would be basically immune from the distraction exception. And there's no case law so far that says it has to be a greater distraction or a certain kind because it's a municipality. Okay. So maybe emergency was an overstatement, but something significant. Right. Do you think that a bee flying next to your head would be a distraction that would overcome the duty of care for yourself? I think it potentially, and again, it would be one where you would have to look at the facts of the case. If someone was definitely allergic to bees, I think that might cause a huge distraction to them, but it might not cause a distraction to someone else. Okay, but foreseeability is the test. How foreseeable is it that the other entity would think that if you saw a bee going by, you would be sufficiently distracted that you would fall over something or run into something that was open and obvious? And I think the trier of fact would have the best opportunity to determine that. In this case, it was Judge Petrangaro, and she weighed all the evidence and found that this was the type of distraction that would constitute a distraction under the exception. And her ruling, after weighing all the evidence, was not against the manifest weight of the evidence. And therefore, Linda, the appellee, feels that her ruling was consistent with the evidence, not against the manifest weight of the evidence, and her ruling that although the condition was open and obvious, the distraction exception applies, should be upheld. For the intended and permitted user, most of the cases cited by the appellant in this matter are cases where there's intersections or stoplights or crosswalks within a certain distance of where the person crossed the street. And they chose to cross mid-block. Sometimes they were hit by cars that had nothing to do with the defendant. Sometimes, in one case, they tripped in the actual median, in the middle of the street. Another time, it was on a country road where the court argued or the court found that a country road out in the middle of nowhere, pedestrians aren't intended. You know, this guy just happened to be out there because his car broke down or he crashed into the wall or some guy was crossing Bussey or Bussey Highway, a six-lane highway, and got hit. I mean, that's not intended. In this case, you have to look at the property itself to determine whether a person or, you know, anyone is an intended user of the property. All the cases, you know, go back to that proposition that, you know, look at the property itself. And Google Maps is nice enough to give us a shot of the property. Again, small county road. There's no sidewalks. There's no crosswalks anywhere. There's the mailboxes across the street. Again, all the mailboxes are on the one side of the street. To say that an entire side of the street has to ask their neighbors to come, you know, throw the mail across the street to them or go to the post office to pick up their mail would be... I mean, that goes to the intended user issue, correct? Yeah. But still, even if someone's an intended user, the open and obvious rule still applies, correct? Correct. And it's our contention that she was distracted and it was a type of distraction that would be foreseeable. Well, and cases have talked about this. In essence, I suppose, and in fact, virtually everything is foreseeable to some extent or the other. And when we look at these, don't courts take a balancing thing because of the cost to the public of fixing every little thing and weigh that against the cost to fix every little boo-boo in the roadway versus the reasonable expectation that people will take ordinary care for their own safety when walking across the road? Yes. In other occasions, Linda did. But there is a distraction exception, and there has been a case law that has upheld this distraction. And again, the burden on the county, it's not great in this instance. And the judge heard what it would cost to fix this particular... defect and felt that it wasn't unduly burdensome for the defendant. That's not a factor to be considered here, though. I understand that that was part of... Yeah, I think so. But doesn't that also, and I agree with Justice Reiter, but at the same time, but doesn't that also ignore the defect, the block over and two houses down and over there, and just say, gee, it would only cost this to fix this boo-boo where Linda fell. Well, what happens when Sally or George falls the next day two blocks over? And they say, well, it would only cost $10,000 to fix that. And two blocks down from Sally and George, Fred falls, and they say, well, it only would cost $8,000 to fix that. Well, I believe the courts have taken that under consideration and still uphold that the distraction exception does apply. Just one minute. Thank you. And just to wrap up, again, Judge Pechengaro heard all of the evidence, and she had the case law. She weighed all of the evidence, found that this type of distraction was foreseeable and it applied in this case. Her finding was not against the manifest weight of the evidence. As for the intended and permitted, again, take a look at the property itself. No crosswalks, no sidewalks, no anything where Linda could have been pointed to that says, you know, if you walk a block over, there's a crosswalk over there or anything along those lines. So, again, Judge Pechengaro weighed all of the evidence and found that Linda was not only a permitted user but also an intended user, which is required. Her ruling and her findings were not against the manifest weight of the evidence. Again, these are affirmative defenses that the defense brought up, so it would be their burden to show these. And the judge also, again, found that taking everything under consideration, the distraction exception does apply, and Linda was an intended and permitted user. And we ask that the court uphold the judge's ruling on that matter. And, again, I thank you for your time. Thank you, Mr. Smith. Any rebuttals? Just going on what Mr. Smith was saying about the cost, the four prongs in the test is it's the reasonable foreseeability of the injury, not the distraction, for one thing. It's the likelihood of an injury if it's more than slight. The magnitude of the burden of guarding against the injury and the consequences of placing that burden on the defendant. And the Bruns Court addressed exactly what you were talking about, which is that even if the financial burden of repairing one specific defect is small, the consequences of finding that extend well beyond the application or the fixing of just that one defect. And it's like you said, where do you stop? If it's two blocks over, then it's the next block over. And the magnitude and the consequences of doing that when the condition is open and obvious is not required. Well, and it's not just Lockport. It's the entire state of Illinois. We're not dealing with law that applies only to Lockport. Right. I mean, every municipality would have the same burden or state of Illinois. Yes. If that's the rule, then it's going to apply to all municipalities. The one thing I wanted to also mention is with respect to the two cases that Planoff relied on, the Ward and the Rexborough case, those are very different in the sense that they found that the defendants created the distraction in those cases. Coming back with the helmet, he was directed to do that. Ward is the large bulky items coming out of the Kmart across their overhang where they had traffic coming through. Thank you. Thank you. We thank both of you for your arguments this morning. We'll take the matter under advisement and we'll issue a written decision as quickly as possible. The court will stand in brief recess for a panel change.  Thank you. Thank you. Thank you. Thank you. Thank you.